UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                     Case No. 3:15-cr-103

vs.

LUCAS JUSTICE,                           Magistrate Judge Michael J. Newman

    Defendant.

## ORDER REGARDING DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

This misdemeanor criminal case is before the Court on Defendant's objection to the Guideline calculation set forth by Probation in the Presentence Investigation Report ("PSR"). Having reviewed the applicable Guidelines and the response from the Probation Officer, upon which the Government relies in opposing Defendant's objection, the Court finds as follows.

In calculating the appropriate Guideline range, there is no dispute that we look first at §2D2.1, which concerns "Unlawful Possession; Attempt or Conspiracy." U.S.S.G. § 2D2.1. The Government, as well as Probation in the PSR, finds that -- upon considering "relevant conduct" as that term is defined in §1.B1.3(a) of the United States Sentencing Guidelines -- the Base Offense Level applicable here is that of eight (8) set forth in §2D2.1(a)(1). That Guideline section applies specifically where the "substance" possessed "is heroin or any Schedule I or II opiate, an analogue of these, or cocaine base." Defendant, however, argues that the Base Offense Level of four (4) under §2D2.1(a)(3) applies because the substance possessed here -- and for which Defendant pled guilty and accepted responsibility for -- is marijuana, not heroin.

Although, without dispute, possession of marijuana is the offense of conviction, Probation, in the PSR (Paragraph 21) finds the §2D2.1(a)(1) applicable based upon consideration of "Relevant

Conduct." *See* U.S.S.G. § 1B1.3.  Certainly, a sentencing Court can consider "Relevant Conduct" -- even if the Defendant was not charged with or even acquitted of certain illegal conduct -- in determining the appropriate Guideline range, so long as the Court finds Defendant engaged in such conduct by a preponderance of the evidence.  *See United States v. Benjamin*, 138 F.3d 1069, 1072 (6th Cir. 1998) (stating that "[w]hen a sentencing court includes relevant conduct in its calculation of the base offense level, the conduct must be supported by a preponderance of the evidence"); *see also United States v. Shannon*, 803 F.3d 778, 788 (6th Cir. 2015) (stating that "sentencing judges may engage in judicial fact-finding and consider evidence under a preponderance of the evidence standard").

The Probation Officer states in the PSR that the Base Offense Level of eight (8) applies because Defendant's girlfriend, Leia Farrington, "informed officers that heroin seized from [the] *vehicle* belonged to [Defendant] Justice, and because Justice reported all of the drugs and paraphernalia in the *residence* belonged to him and were accordingly possessed in connection with the same course of conduct or common scheme or plan[.]"  *See* PSR, Paragraph 21.  The "common scheme or plan" language cited in the PSR is language specifically found in the Guideline Section defining "Relevant Conduct," namely §1B1.3(a)(2) -- which applies "with respect to offenses of a character for which §3D1.2(d) would require grouping of multiple counts[.]"

The Court finds that Guideline §1B1.3(a)(2) does not apply here by the very terms of Guideline §3D1.2(d), which specifically excludes from its operation possession offenses governed by Guideline §2D2.1 -- *i.e.*, the specific guideline section applicable to the offense of conviction (unlawful possession).  *Cf. United States v. Gill*, 348 F.3d 147, 153 (6th Cir. 2003).  Thus, conduct amounting to uncharged counts of possession cannot "relevant conduct" under §1B1.3(a)(2).  *Cf. id.* (holding that "[s]imple possession is not "relevant" under §1B1.3(a)(2), as "part of the same course of conduct or common scheme or plan," because "[s]imple possession is not one of the crimes listed in [§3D1.2(d)] grouping rule that triggers the application of that relevant conduct section").

Probation, in addressing Defendant's Objection in the PSR Addendum, at *1, also contends that the alleged heroin possession is "Relevant Conduct" under Guideline §1B1.3(a)(1), which states that "Relevant Conduct" includes "all acts . . . committed . . . by the defendant . . . that occurred during the commission of the offense of conviction[.]" Certainly, if the heroin is attributable to Defendant (*i.e.*, a preponderance of the evidence shows what the Government suggests -- that he possessed the heroin found), then §1B1.3(a)(1) would likely apply.

To determine if the heroin is attributable to Defendant, the Court looks to the circumstances of the offense at issue. In the PSR, Paragraph 11, the Probation Officer states that upon searching "the *residence*," officers found "a bag of marijuana, numerous marijuana smoking devices, and drug scales." (Emphasis added). In other words, according to the PSR, marijuana was the only drug found in the *residence*. (Emphasis added) Subsequently, officers searched a *vehicle* that was driven by Eddie Payton and found, in addition to marijuana, "two capsules of heroin" and a firearm. *See* PSR at Paragraph 11. While Ms. Farrington reported to the Probation Officer that "the heroin seized from Payton's vehicle belonged to Justice," Payton himself admitted that the drugs, paraphernalia, and firearm in the *vehicle* (*i.e.*, the heroin) belonged to him. *See* Addendum, at *2 (emphasis added). Meanwhile, Justice admitted only that "all of the drugs and paraphernalia in the *residence* belonged to him" and there no suggestion at this time that any heroin was found in the *residence*. *See* PSR, at Paragraph 13 (emphasis added).

As a result, the only evidence in the PSR that attributes the heroin to being in Defendant Justice's possession is the hearsay statement of Ms. Farrington, which, without additional evidence presented at sentencing, the Court would be reluctant to accept as a preponderance of the evidence. *United States v. Hicks*, 198 F.3d 248 (6th Cir. 1999) (stating that "[p]roof of relevant conduct must be 'supported by some minimal indicium of reliability beyond mere allegation'"); *but see United States v. Silverman*, 889 F.2d 1531, 1542 (6th Cir. 1989) (stating that "so long as a defendant is provided an opportunity to explain or rebut uncorroborated hearsay evidence considered by the

sentencing court, the court is free to consider such evidence"). Absent other evidence that Defendant possessed, or even knew of the existence of the heroin in the vehicle, the Court would decline to find that the alleged possession of heroin is "relevant conduct" under Guideline § 1B1.3(a)(1), and would further find the applicable Base Offense Level under §2D2.1 is four (4), as set forth in §2D2.1(a)(3).

Because there are no Specific Offense Characteristics or other Adjustments under the Guidelines, the Adjusted Offense Level would remain at four (4). Absent application of other Enhancements, and applying a two (2) point reduction for Defendant's Acceptance of Responsibility, Defendant's Total Offense Level would be two (2). Defendant's Criminal History Score is nine (9). An individual with an Offense Level of two (2) and a Criminal History score of nine (9) has a recommended Guideline sentencing range of 0-6 months.

The Court notes that the Guideline is range is non-binding and is only one of many factors the Court must consider in imposing a sentence under 18 U.S.C. § 3353.

**IT IS SO ORDERED**.

Date:  August 29, 2016                                  *s/ Michael J. Newman*
                                                        Michael J. Newman
                                                        United States Magistrate Judge

4